IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

_____

| | |
|---|---|
| STACY RAY PETERSON, ) | **MEMORANDUM DECISION &** |
| ) | **DISMISSAL ORDER** |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:08-CV-719 DAK |
| ) | |
| STEVEN TURLEY, ) | |
| ) | |
| Respondent. ) | District Judge Dale Kimball |

_____

Petitioner, Stacy Ray Peterson, an inmate at Utah State
Prison, filed a federal habeas corpus petition here, in which he
challenges his imprisonment. He is serving a five-to-life
sentence, beginning in 1989, on a conviction for second-degree
murder.

On September 22, 2008, Petitioner filed this petition,
contesting, under 28 U.S.C. § 2254, his conviction and
sentencing, and, under 28 U.S.C. § 2241, the consequent execution
of his sentence. Under § 2254, he argues that his indeterminate
sentence is invalid and unconstitutional, under the Sixth
Amendment, because he was "sentenced by a judge . . . not a jury,
using aggravating and mitigating circumstances." He further
argues that his Fifth Amendment due-process rights were violated
because his trial was unfair, a contention for which he provides
no specifics.

Under § 2241, he argues the Utah Board of Parole and Pardons
(BOP) improperly executed his sentence by using aggravating
circumstances not proven in court to determine the length of his

sentence within his sentencing range and by not following "the

matrix" which would have limited his time served to ten years.

The State responded, moving the Court to deny this petition

because Petitioner has filed his claims past the period of

limitation, failed to exhaust his claims, and/or failed to allege

a violation of federal law.  Because the Court needs but one of

these rationales, the Court denies the petition based on

Petitioner's failure to file his petition within the applicable

period of limitation.  Although, the Court also addresses some of

Petitioner's outlying arguments on the merits.

ANALYSIS

I. Period of Limitation

The statute setting forth the period of limitation for

federal habeas petitions reads in pertinent part:

> A 1-year period of limitation shall apply to
> an application for a writ of habeas corpus by
> a person in custody pursuant to the judgment
> of a State court. The limitation period shall
> run from the latest of--
> (A) the date on which the judgment became
> final by the conclusion of direct review or
> the expiration of the time for seeking such
> review;
>
> . . . .
> (D) the date on which the factual predicate
> of the claim or claims presented could have
> been discovered through the exercise of due
> diligence.

28 U.S.C.S. § 2244(d)(1) (2011).

The Court calculates the period of limitation as to

Petitioner's § 2254 claim, using subsection (A) as its guide.

Because Petitioner's conviction became final in 1989, before

Congress passed the Antiterrorism and Effective Death Penalty Act

of 1996 (AEDPA), Petitioner had to file his § 2254 claims within

one year of April 24, 1996, adding any time tolled by statute or

equitable grounds. *See id.* § 2244(d); *Gibson v. Klinger*, 232

F.3d 799, 803, 808 (10th Cir. 2000).

As to Petitioner's § 2241 claims, the Court uses subsection

(D) as its guide. So, the Court begins with the date when

Petitioner should have discovered his claims. Petitioner

appeared before the BOP in 1994. He has supplied the Court with

an exhibit to his petition with a written "Rationale for

Decision," issued by BOP on May 23, 1994, on which is listed the

aggravating factors upon which the BOP's decision was based. He

thus should have known then that BOP used those aggravating

factors to determine his release date within his sentencing

range. Because the 1994 date was also before AEDPA's effective

date, the Court thus determines Petitioner had to file his § 2241

claims within one year of April 24, 1996, adding any time tolled

by statute or equitable grounds.

By statute, the one-year period of limitation is tolled for

"[t]he time during which a properly filed application for State

post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending." 28 U.S.C.S. §

3

2244(d)(2) (2011).  Meanwhile, equitable tolling is also

available but "'only in rare and exceptional circumstances.'"

*Stanley v. McKune*, No. 05-3100, 2005 U.S. App. LEXIS 9872, at *4

(10th Cir. May 23, 2005) (quoting *Gibson*, 232 F.3d at 808).

Because Petitioner filed no direct appeal, state post-

conviction or other-collateral-review applications, there are no

grounds for statutory tolling, so the Court considers

Petitioner's possible argument of equitable tolling, which

applies only to his claim under § 2241.  Petitioner may attempt

to excuse his failure to timely file his petition by asserting

that the wrongs he suffers are of a continuing nature.

"Equitable tolling will not be available in most cases, as

extensions of time will only be granted if 'extraordinary

circumstances' beyond a prisoner's control make it impossible to

file a petition on time."  *Calderon v. United States Dist. Court*,

128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted).  Those

situations include times "'when a prisoner is actually innocent'"

or "'when an adversary's conduct--or other uncontrollable

circumstances--prevents a prisoner from timely filing, or when a

prisoner actively pursues judicial remedies but files a defective

pleading during the statutory period.'"  *Stanley*, 2005 U.S. App.

LEXIS 9872, at *4 (quoting *Gibson*, 232 F.3d at 808 (citation

omitted)).  And, Petitioner "has the burden of demonstrating that

equitable tolling should apply."  *Lovato v. Suthers*, No. 02-1132,

4

2002 U.S. App. LEXIS 14371, at *5 (10th Cir. July 15, 2002)
(unpublished).  Because Petitioner has not argued actual
innocence, the Court focuses on possible uncontrollable
circumstances--i.e., Petitioner's argument that he suffers a
continuing wrong because his final--effective--sentence has never
really been imposed and will not be imposed until he is released
for good.

     Petitioner is mistaken that he has experienced a continuing
wrong that can be addressed at any time, until his final release,
in federal habeas proceedings.  It is well settled that
"'ignorance of the law, even for an incarcerated pro se
petitioner, generally does not excuse prompt filing.'"  *Marsh v.
Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted).
No matter what Petitioner believes, his sentence was final in
1989:  one five-to-life term.  The outside of this range--life--
absolutely marked the outside time of his final release.
Regardless of his misunderstanding about how these sentencing
ranges work, Petitioner should have known to file this petition
by April 24, 1997.  Still, he did not file this federal habeas
petition until September 22, 2008, over eleven years too late.

     During the running of the federal period of limitation and
beyond, Petitioner apparently took no steps himself to
"diligently pursue his federal claims."  His response shows no
signs of this kind of self-directed tenacity.  In sum, the

circumstances raised by Petitioner did not render it beyond his
control to timely file his petition here.

Accordingly, the above claims before the Court were filed
past the one-year period of limitation.  And, neither statutory
exceptions nor equitable tolling apply to save Petitioner from
the period of limitation's operation.  Petitioner's claims are
thus denied.

## II. Alternative Denial on the Merits

### a. Utah's Indeterminate Sentencing Scheme

Petitioner appears to attack the constitutionality of Utah's
indeterminate-sentencing scheme.  Recently, the same challenges
were soundly rejected by the Tenth Circuit.  *See Straley v. Utah
Bd. of Pardons*, 582 F.3d 1208 (10th Cir. 2009), *cert. denied*, 130
S. Ct. 1737 (2010).  The Court thus denies any relief on the
basis of this § 2254 claim.

### b. Questions of State Law

The Court next addresses Petitioner's assertions under §
2241 that he was entitled to an earlier release, based on "the
matrix"; that BOP did not protect his constitutional rights in
determining whether to grant him parole (by following guidelines
or giving him representation); and, that *Labrum* was violated.

Under § 2241, "[t]he writ of habeas corpus shall not extend
to a prisoner unless . . . [h]e is in custody in violation of the
Constitution or laws or treaties of the United States."  *See* 28

6

U.S.C.S. § 2241(c) (2011).  As to BOP's decision about the length

of Petitioner's prison stay and its denial of constitutional

rights in determining whether to grant parole, Petitioner never

states how any of this violates any federal rights.  Nor can he

do so effectively.  After all, "there is no [federal]

constitutional or inherent right of a convicted person to be

conditionally released before the expiration of a valid

sentence"--in this case, a span of five-to-life.  *Greenholtz v.*

*Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).

Neither does the Utah parole statute create a liberty interest

entitling prisoners to federal constitutional protection.  *See*

*Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994).  Also,

"'[t]here is no constitutional right to an attorney in state

post-conviction proceedings.'"  *Thomas v. Gibson*, 218 F.3d 1213,

1222 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722,

752 (1991) (citations omitted)).

The Court also considers Petitioner's possible arguments,

about due process in parole determinations, based on *Labrum*.  *See*

*Labrum v. Utah State Bd. of Pardons*, 870 P.2d 902 (1993).  *Labrum*

is Utah law and is neither controlling nor persuasive in this

federal case.  It is well-settled that a federal court may grant

habeas relief only for violations of the Constitution or laws of

the United States.  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991);

*Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Errors of state law do

not constitute a basis for relief.  *Estelle*, 502 U.S. at 67;

*Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).  Petitioner thus has

no valid argument here based on state law.

CONCLUSION

Petitioner's claims are all denied because they were filed

past the period of limitation and neither statutory nor equitable

tolling applies.  Further, several of Petitioner's arguments do

not survive an analysis on the merits.

IT IS THEREFORE ORDERED that Petitioner's habeas petition is

DENIED.  This case is CLOSED.

DATED this 25th day of July, 2011.

BY THE COURT:

DALE A. KIMBALL
United States District Judge